UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TASHINA M. CALTON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

CASE NO. C11-5752 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 21), and Plaintiff Tashina Calton's ("Calton") objections to the R&R (Dkt. 22).

On August 30, 2012, Judge Creatura issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") denial of benefits to Calton. Dkt. 21. On September 13, 2012, Calton filed objections. Dkt. 22. On September 21, 2012, Defendant responded. Dkt. 23.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

1  modify the recommended disposition; receive further evidence; or return the matter to the

2  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3       In this case, Calton raises five objections: (1) the ALJ failed to properly evaluate

4  the medical evidence; (2) the ALJ failed to properly evaluate Calton's testimony; (3) the

5  ALJ failed to properly evaluate lay witness testimony; (4) the ALJ improperly determined

6  Calton's residual functioning capacity; and (5) Defendant failed to show that Calton can

7  perform work in the national economy.  Dkt. 22.

8  **A.    Medical Evidence**

9       Calton objects to the ALJ's determination as to ten medical opinions of doctors

10 and other medical personnel.  Dkt. 22 at 2–10.  Calton does not object to the ALJ giving

11 "great weight" to the opinions of Dr. Carla Van Dam or Dr. Jan Lewis.  TR 30.  Calton

12 also does not object to the ALJ's finding that Dr. Lewis's conclusions were confirmed by

13 Dr. Rita Flanagan.  *Id.*  Calton, however, does object to the opinions to which the ALJ

14 gave only "significant weight," "less weight," "little weight," and "no weight."  Dkt. 22

15 at 2–10; TR 9–10.

16      Reading Calton's objections gives one the impression that the ALJ disregarded a

17 significant amount of medical opinion evidence.  However, this impression is based

18 solely on the organizational differences between the objections and the ALJ's opinion.

19 The ALJ organized his decision by the amount of weight given to each medical opinion,

20 starting with the opinions that he gave the most weight and continuing in a descending

21 order of weight.  TR 23–34.  Thus, once a reader reaches the opinions with little or no

22

weight, the ALJ had already discussed what opinions were consistent with the objective medical record in general.

On the other hand, Calton's objections are organized to criticize the ALJ for giving certain opinions little to no weight without regard to what the ALJ had established as the objective medical record. The fact that the record contained many conflicting opinions means that the ALJ was forced to reject some treating and examining physicians' opinions. While an ALJ is allowed to reject such opinions, he must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). Under this analysis and based upon the opinions that were entitled to great weight, the majority of Calton's objections to the medical evidence are without merit, but the Court will address each objection.

**1.     Dr. Alysa A. Ruddell**

Calton objects in conclusory fashion that "[c]ontrary to the Magistrate Judge's finding, the ALJ's residual functional capacity assessment did not fully account for all of the limitations described by Dr. Ruddell." Dkt. 22 at 9. A conclusory statement that the Magistrate Judge was wrong is not a proper objection. Therefore, the Court finds Calton's objection without merit and adopts the R&R on this issue.

**2.     Dr. Anselm A. Parlatore**

Calton objects to Judge Creatura's finding that the ALJ properly discounted the opinion of Dr. Parlatore. Dkt. 22 at 6–7. The Court has reviewed the ALJ's decision (TR

1  31), the R&R (Dkt. 21 at 26–28), and agrees with Judge Creatura's findings regarding Dr.

2  Parlatore relying on Calton's subjective reports, which are as follows:

> the ALJ's finding that Dr. Parlatore relied on plaintiff's subjective report is based on substantial evidence in the record as a whole. For example, with respect to the opinion regarding markedly severe anxiety or fear, Dr. Parlatore indicated "panic attacks" (see Tr. 282). Although it also is true that he objectively observed plaintiff's corresponding affect of "nervous, anxious and frightened," his finding of "panic attacks" was based on plaintiff's subjective history, as there was no indication that plaintiff was having a panic attack at this examination (see Tr. 281). Similarly, regarding his opinion with respect to "social withdrawal," Dr. Parlatore indicated specifically "stays in room," an observation likely made by someone other than Dr. Parlatore (Tr. 282).

9  *Id*. at 27.  In addition to the ALJ's other specific and legitimate reasons, the Court finds

10  that the ALJ did not err in giving little weight to the opinion of Dr. Parlatore.  Therefore,

11  the Court adopts the R&R on this issue.

12      **3.    Dr. Barbara Dahl**

13      Calton contends that Judge Creatura found that the ALJ's "only" reason for

14  rejecting the opinion of Dr. Dahl was not legitimate and relied on a *post hoc* rationale for

15  upholding the ALJ's opinion.  Dkt. 22 at 8–9.  Calton is incorrect.  While the Court

16  agrees that the ALJ erred in providing the "longitudinal analysis" reason, the ALJ also

17  stated that "the records include evidence strongly suggesting exaggeration of symptoms,

18  malingering and secondary pain."  TR 31.  The Court agrees with Judge Creatura that this

19  statement suggests that the ALJ based his rejection of this opinion on Calton's self-

20  reporting, which the ALJ found lacked credibility (TR 28–30).  Moreover, the only

21  objective evidence in Dr. Dahl's opinion was based on Calton's self-reporting, and

22  testing within the claimant's control is properly given the same weight as the claimant's

1  self-reports. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Therefore, the

2  Court finds that the ALJ did not err in rejecting the opinion of Dr. Dahl because the ALJ

3  provided specific and legitimate reasons supported by substantial evidence in the record.

4      **4.**     **Dr. James E. Merrill**

5      The ALJ rejected the opinion of Dr. Merrill because (1) he failed to explain the

6  opinion or the findings that supported his assessment and (2) it was inconclusive whether

7  he was acting as an advocate for Calton. TR 32. Judge Creatura found that the ALJ

8  provided specific and legitimate reasons supported by substantial evidence for rejecting

9  the opinion of Calton's twenty-one-year treatment provider. Dkt. 21 at 20–26. Calton

10 objects to Judge Creatura's findings and argues that the Court "should hold that the ALJ's

11 failure to give proper deference to Dr. Merill's opinion is reversible error . . . ." Dkt. 22

12 at 5. While it seems unusual to reject the opinion of such a longtime treatment doctor,

13 the Court has reviewed the record, the ALJ's decision, and the R&R, and Court finds no

14 error in the ALJ's decision because an opinion that is conclusory and inconsistent with

15 the rest of the evidence is properly rejected. *Meanel v. Apfel*, 172 F.3d 1111, 1113–14

16 (9th Cir. 1999). Although Calton may be correct that Dr. Merrill based his opinion on his

17 observations and clinical findings, the opinion is inconsistent with the weight of the

18 objective medical evidence. Therefore, the Court adopts the R&R on this issue.

19     **5.**     **Dr. David A. Harrison**

20 `    The ALJ failed to discuss the treatment notes of Dr. Harrison, and Judge Creatura

21 found that the ALJ did not err because the evidence was not significant and probative

22 evidence. Dkt. 21 at 29–31. Calton objects and contends that the ALJ should not be

excused from discussing evidence just because it is consistent with other opinions that were discussed. Dkt. 22 at 6–7. Calton fails to cite a case for the proposition that duplicative evidence must be cited and addressed in an ALJ's decision. The Court agrees with Judge Creatura that an ALJ need not discuss an opinion that is consistent with other properly discounted opinions when those opinions are similarly deficient and therefore are not significant and probative evidence. Dkt. 21 at 30–31 (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam)). Therefore, the Court adopts the R&R on this issue.

**6.     Dr. Sylvia A. Thorpe**

With regard to the opinion of Dr. Thorpe, Calton does not object to Judge Creatura's R&R. Instead, Calton argues that "[c]ontrary to the ALJ's finding, Dr. Thorpe's opinion that Calton 'does not' set goals does not show that she was seeking secondary gain." Dkt. 22 at 7. The Court is directed to review the record if a portion of the R&R is objected to, not if a portion of the ALJ's decision is objected to. Fed. R. Civ. P. 72. Calton has not objected to the R&R on this issue. Therefore, the Court adopts the R&R on this issue.

**7.     Bob Poole**

It appears that Calton objects to Judge Creatura's finding that the opinion of Mr. Poole was not significant probative evidence. Dkt. 22 at 10. A general disagreement, however, without specific information as to how Mr. Poole's opinion is consistent or inconsistent is not a proper objection. Therefore, Calton's objection is without merit and the Court adopts the R&R on this issue.

### 8. Kathryn Crawford and Rebecca Isom Panzer

Calton contends that Judge Creatura "found that the ALJ could properly reject the opinions of Ms. Crawford and Ms. Panzer because they did not adequately explain the objective basis of their opinions." Dkt. 22 at 10 (citing R&R at 34–36). Calton apparently objects because, "as treating mental health therapists, they were able to base their opinions on their clinical findings and observations." *Id*. Calton, however, fails to show that this was reversible error, the ALJ failed to provide reasons germane to each witness, or the ALJ's assessment of either opinion was not supported by substantial evidence in the record. Therefore, Calton's objection is without merit and the Court adopts the R&R on this issue.

### 9. State Agency Opinions

Calton includes an objection titled "State Agency Opinions" and argues that the ALJ erred in two different respects. This argument is without merit because Calton has failed to identify how Judge Creatura may have erred.

## B. Other Objections

Calton's other objections are based on her opening arguments and her arguments that the ALJ erred in evaluating the medical evidence. Dkt. 22 at 10–12. Judge Creatura considered Calton's opening arguments and without specific objections, the Court will adopt the remainder of Judge Creatura's R&R. Moreover, the Court has found that the ALJ did not err in discussing the medical evidence.

Therefore, the Court having considered the R&R, Calton's objections, and the remaining record, does hereby find and order as follows:

1     (1)     The R&R is **ADOPTED**;

2     (2)     The decision of the ALJ is **AFFIRMED**; and

3     (3)     This action is **DISMISSED**.

4     Dated this 6th day of December, 2012

*[signature]*

BENJAMIN H. SETTLE
United States District Judge